Quarles & Brady LLP
Firm State Bar No. 00443100
Renaissance One
Two North Central Avenue
Phoenix, AZ  85004-2391
Telephone 602.229.5200

Stephanie J. Quincy (#014009)
    Stephanie.Quincy@quarles.com
Nicole L. Simmons (#028947)
    Nicole.Simmons@quarles.com

*Attorneys for Defendant Dignity Health*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Irina N. Beloozerova,<br><br>             Plaintiff,<br><br>     vs.<br><br>Dignity Health d/b/a St. Joseph's Hospital and Medical Center d/b/a Barrow Neurological Institute; John Doe I-V; Gray Corporations I-V,<br><br>             Defendants. | Case No. 2:18-cv-01976-DGC<br><br>**OPPOSITION TO PLAINTIFF'S RULE 41(a)(2) MOTION TO VOLUNTARILY DISMISS WITH PREJUDICE WITHOUT AN AWARD OF ATTORNEYS' FEES**<br><br>(Assigned to the Hon. David G. Campbell) |

Defendant Dignity Health, d/b/a St. Joseph's Hospital and Medical Center d/b/a Barrow Neurological Institute ("Dignity Health"), opposes Plaintiff's Rule 41(a)(2) Motion To Voluntarily Dismiss With Prejudice [Dkt. 45] (the "Motion") to the extent it seeks dismissal without an award of attorneys' fees and costs to Dignity Health pursuant to A.R.S. §§ 12-341 and -341.01. After being unsuccessful in obtaining a permanent injunction, which effectively rendered proceeding with this lawsuit futile, Plaintiff seeks dismissal via Rule 41 in an attempt to avoid an award of attorneys' fees and costs, after refusing to even consider settlement offers by Defendant or otherwise avoid this expensive expedited proceeding based entirely in contract. Case law is clear, however, that Rule 41 was "not

intended to reward a plaintiff for ending his [or her] case early by shielding him from the liability of attorneys' fees" otherwise granted by statute. *Vicari v. Lake Havasu City,* 222 Ariz. 218, 224 (App. 2009) (upholding attorneys' fee award under A.R.S. § 12-341.01 after plaintiff sought voluntary dismissal reasoning neither Arizona nor Federal Civil Rule of Procedure 41 permits a plaintiff to evade otherwise appropriate sanctions and costs). Thus, to the extent this lawsuit is dismissed, it should be dismissed with an award of attorneys' fees and costs.

I.   **BRIEF BACKGROUND**

   A.   **Procedural History**

On August 17, 2017, Plaintiff received notice that Dignity Health would end her employment on June 30, 2018. On June 11, 2018, Plaintiff filed her lawsuit in Arizona Superior Court, which was subsequently removed to this Court, asserting four causes of action, all of which arose out of and sought to enforce an alleged employment contract. (*See generally* Compl.; Dkt. 1.) As relief for Plaintiff's contract action, she sought "attorneys' fees and costs pursuant to ARS § 12-341.01." (*Id.*, at 19:11.)

Despite having notice of her termination for nearly 10 months, on June 25, 2018, Plaintiff filed her Motion for Temporary Restraining Order ("TRO Motion") seeking "EMERGENCY" injunctive relief to bar Dignity Health from terminating her employment. (Dkt. 6.) On June 27, 2018, without the benefit of discovery, Dignity Health responded to the TRO Motion (Dkt. 12), which was subsequently granted by the Court on June 29, 2018. (Dkt. 13). Dignity Health was ordered to refrain from altering Plaintiff's employment status until the preliminary injunction hearing set to occur on July 24, 2018 (*Id.*). In the meantime, Dignity Health was also required to file an answer, which it did on July 5, 2018.

In preparation for the preliminary injunction hearing, the parties engaged in significant discovery on an expedited time frame. Plaintiff took no less than three depositions, Dignity Health deposed Plaintiff and conducted extensive electronic discovery, and each party produced approximately 1,000 pages of materials. On August 2, 2018, the Court denied the TRO Motion and dissolved the injunction finding it "highly unlikely that

1   Plaintiff can prevail on her claim that the NSF grant satisfied her external funding
2   requirements." (Dkt. 38.)

3            **B.     Dignity Health made numerous offers to settle, which were refused.**

4            Prior to the preliminary injunction hearing, Dignity Health made numerous offers to
5   settle this matter. One such offer was made as early as June 27, 2018, in advance of the
6   expedited discovery conducted for the preliminary injunction hearing, when Dignity
7   Health's counsel offered to increase Plaintiff's severance payout by a few weeks, which
8   had already been increased by $15,000, or the equivalent of extending her pay through
9   July 1, 2018. (*See* Ex. 1.) In that same e-mail, Dignity Health's counsel noted "***[w]e would***
10  ***really prefer to resolve this case before the fees increase, as clearly the loser will be***
11  ***paying***." (*Id.* (emphasis added).) That offer went ignored - no response was ever received.
12  Similar discussions were held between counsel and there was never a response.

13           On July 5, 2018, Dignity Health's counsel again provided Plaintiff's counsel with a
14  written offer to increase the severance pay by ***5 months or through December 31, 2018***.
15  (*See* Ex. 2.) Dignity Health's counsel expressly warned Plaintiff's counsel that documents
16  -- which had been disclosed -- revealed "that some of the representations made in the
17  pleadings and to the court are not accurate. Our client is willing to leave the settlement offer
18  we made open until depositions begin," to avoid costs. (Ex. 3) That offer went ignored.

19           On July 16, 2018, after expedited discovery had been conducted but before the
20  preliminary injunction hearing, Dignity Health's counsel noted a settlement offer was made
21  before depositions and a response was never received. (Ex. 4.) She welcomed a
22  counteroffer. (*Id.*) On July 20, 2018, just prior to the preliminary injunction hearing, Dignity
23  Health's counsel contacted Plaintiff's counsel again to discuss settlement, to which he
24  responded that Plaintiff "has already accepted the possibility that she may lose" and she
25  wanted to proceed with this matter (*see* Ex. 5), regardless of the fees she incurred in taking
26  that risk. After the Court's order dissolving the injunction, Defense counsel again invited
27  settlement discussions.  Plaintiff again refused and, instead, filed this voluntary dismissal
28  under Rule 41(a)(2) to avoid attorneys' fees and costs, the risk of which she knew and

1    assumed.

2    **II.**    **LAW AND ARGUMENT**

3       **A.**    **Dignity Health is entitled to an award of attorneys' fees and costs.**

4         Pursuant to A.R.S. § 12-341, a "successful party to a civil action *shall* recover from

5    his adversary all costs expended or incurred therein unless otherwise provided by law."

6    Moreover, under A.R.S. § 12-341.01, a successful party is entitled to an award of attorneys'

7    fees "in any contested action arising out of a contact, express or implied." Under the plain

8    language of this latter statute, if a settlement offer is rejected, and the judgment finally

9    obtained is equal to or more favorable to the offeror than an offer made to settle the action

10    arising out of a contract, the offeror is the successful party from the date of the offer.

11       **1.**    **Dignity Health is the successful party in this action based on the totality of the litigation.**

12

13         The "successful party" under Arizona law, which is often synonymous with

14    "prevailing party," requires neither the full litigation of the issues or a determination on the

15    merits; rather, it is determined by examining "the totality of the litigation." *All Am. Distr. Co., Inc. v. Miller Brewing Co.*, 736 F.2d 530, 532 (9th Cir. 1984). In *All American Distributing Company, Inc.*, the Ninth Circuit sought to determine whether a successful

16

17    defense to a preliminary injunction motion entitled defendant to attorneys' fees as the

18    prevailing party, despite the fact that there had been no adjudication on the merits because

19    plaintiff voluntarily dismissed his case. In that case, All American Distributing, Co, Inc., a

20    distributor ("AA"), brought an action against Miller Brewing ("Miller") for alleged

21    violations of the Arizona Spirituous Liquor Franchise Act when Miller attempted to

22    terminate the distributorship. *Id.* at 531. AA requested a preliminary injunction precluding

23    Miller from terminating the distributorship agreement pending the outcome of an arbitration

24    on damages. The District Court denied the preliminary injunction, after which plaintiff

25    voluntarily dismissed any remaining claims it had pending with the District Court and it

26    later withdrew from arbitration, without an adjudication on the merits. *Id.* The brewing

27    company sought and was granted its fees as the prevailing party as permitted by A.R.S. §

28    44-1567. AA appealed arguing that Miller was not the prevailing party because there was

no ruling on the merits. *Id.* at 532.

The Ninth Circuit disagreed finding that there is no language in A.R.S. § 44-1567 that makes reference to adjudication on the merits a prerequisite to recovering attorneys' fees. Moreover, when looking to analogous statutes, such as A.R.S. § 12-341.01's "successful party" language, it was the totality of the litigation that dictated the successful party and not whether a ruling on the merits had occurred. Because the parties spent the bulk of their time litigating the injunction issues and the dismissal came after the denial of preliminary injunction, which was a major achievement for Miller in the litigation, Miller was the successful party. *Id.* at 533. Indeed, "[a]s far as Miller is concerned, this lawsuit is over; no further proceedings are necessary to defend its right to terminate All American's distributorship."

Here, Dignity Health is the successful party in this breach of contract action based on the totality of this litigation. Dignity Health, like Miller, successfully overcame Plaintiff's quest for a preliminary injunction to prohibit Dignity Health from terminating her employment. The parties spent the bulk of their time conducting expedited discovery for and litigating the injunction issues, and Plaintiff's dismissal came after the denial of the preliminary injunction, which was the major achievement for Dignity Health in this lawsuit. No further barriers existed for Dignity Health to terminate Plaintiff. As far as Dignity Health is concerned, Plaintiff's lawsuit is over, a fact which she presumably recognizes based on her voluntary dismissal. Dignity Health is the successful party in this case.

Other courts have held similarly. *See, e.g., Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 14 (App. 2011) (noting that partial success does not preclude a party from being the successful or prevailing party with respect to an award of attorneys' fees); *Sethy v. Alameda Cnty. Water Dist.*, 602 F.2d 894, 897-98 (9th Cir. 1979), cert. denied, 444 U.S. 1046 (1980) (prevailing party is one who succeeds on any significant issue in litigation); *Nataros v. Fine Arts Gallery of Scottsdale*, 126 Ariz. 44, 49 (App. 1980) (defendant deemed successful party and awarded attorneys' fees even though counterclaim was dismissed after a directed verdict on plaintiff's claims); *Keith v. Volpe*, 501 F. Supp. 403 (C.D. Cal. 1980)

(preliminary injunction accompanied by settlement entitles plaintiff to attorney fees under § 1988); *Application of Perez*, 71 Ariz. 352, (1951) (holding that appellee prevailed under A.R.S. § 12-342 (1982) even though appeal was dismissed as moot before the court reached the merits of the appeal). Thus, Dignity Health is entitled to its attorneys' fees and costs.

## 2.     Dignity Health is also the successful party based on its settlement offers, which Plaintiff refused.

Aside from succeeding at the preliminary injunction, A.R.S. § 12-341.01 expressly provides that Dignity Health is the successful party because it made written offers to settle this matter to Plaintiff, which were more favorable to her than the outcome of voluntary dismissal. As discussed above, Dignity Health made numerous settlement offers to Plaintiff, including an offer to pay Plaintiff severance in excess of $15,000 as early as June 27, 2018. (Exhibit 1.) That offer came with it the express warning that the losing party would have to pay the successful party's fees. (*Id.*) Rather than accept this offer, Plaintiff decided to proceed with her permanent injunction hearing with full knowledge that she may lose -- a risk for which she assumed in writing (*see* Exhibit 2). When she did lose, she filed her voluntary dismissal with prejudice presumably to avoid an award of attorneys' fees and cost under A.R.S. § 12-341 and -341.01, despite her own claim for attorneys' fees made in her Complaint under that same statute. Any dismissal entered in this matter in favor of Dignity Health is equal to or more favorable to it than paying Plaintiff in excess of $15,000. As such, Dignity Health is the successful party and entitled to its attorneys' fees under A.R.S. § 12-341.01.

## B.     Nothing in Rule 41 permits Plaintiff to evade appropriate sanctions and costs under A.R.S. §§ 12-341 and -341.01.

Plaintiff correctly states that Federal Rule of Civil Procedure 41(a) "exists chiefly for the protection of defendants," including a defendant's statutory right to attorneys' fees and costs. Specifically, Rule 41 was enacted in 1938 to halt the abusive practices of plaintiffs who would voluntarily dismiss their own case at any time prior to entry of verdict, at the expense and harassment of a defendant. *Vicari v. Lake Havasu City*, 222 Ariz. at 223 (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990); Charles Alan Wright

& Arthur R. Miller, Federal Practice and Procedure § 2363 (West 2008)). Nothing in Rule 41(a), however, mentions -- let alone prohibits -- an award of attorneys' fees. Instead, federal cases have held the opposite that Rule 41 was not designed to give plaintiff any benefit other than dismissal without prejudice. *Id.* To hold otherwise would "effectively transform a rule designed to restrict plaintiffs into a vehicle by which plaintiffs may evade otherwise appropriate sanctions and costs." *Id.* at 223-24 (citing *Bldg. Innovation Indus., LLC v. Onken*, 473 F. Supp. 2d 978, 983 (D. Ariz. 2007)).

Here, Plaintiff seeks to do exactly what the history and purpose of Rule 41 says she cannot do: Evade an award of attorneys' fees and costs by voluntarily dismissing this lawsuit after failing to prevail in the expedited preliminary injunction proceedings she sought at great expense to Dignity Health. Nothing in Federal Rule 41 deprives the Court of jurisdiction to award attorneys' fees and costs in this case, particularly in instances such as this where Plaintiff was forewarned at the outset of the case that the record contradicts her claims made to the Court, and that she will be subject to attorneys' fees and costs if she continues to litigate this matter, a risk which she accepted in writing. Thus, Dignity Health opposes Plaintiff's Motion to the extent she seeks dismissal absent an award of attorneys' fees and costs, and it asks the Court to award these costs, the amounts of which are to be determined by this Court upon submission of proper support.

/ / /

/ / /

/ / /

-7-

1

2   **III.     CONCLUSION**

3          Dignity Health is entitled to its attorneys' fees and costs pursuant to A.R.S. §§ 12-

4   341 and 341.01. Thus, to extent this lawsuit is dismissed, it should be dismissed with an

5   award of attorneys' fees and costs to Dignity Health.

6          RESPECTFULLY SUBMITTED this 12th day of September, 2018.

7                                            QUARLES & BRADY LLP
                                             Renaissance One
8                                            Two North Central Avenue
9                                            Phoenix, AZ  85004-2391

10

11                                           By *s/ Nicole L. Simmons*
                                                  Stephanie J. Quincy
12                                                Nicole L. Simmons
13                                                *Attorneys for Defendant Dignity Health*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **CERTIFICATE OF SERVICE**

2

3       I hereby certify that on 12 September 2018, I electronically transmitted the attached

4   document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

5   Notice of Electronic filing to the following ECF registrants:

6       HONORABLE DAVID G. CAMPBELL
        United States District Court
7       Sandra Day O'Connor U.S. Courthouse, Suite 623
        401 West Washington Street, SPC 58
8       Phoenix, AZ 85003-2156
9       campbell_chambers@azd.uscourts.gov

10      Joseph A. Velez
11      ATTORNEY AT LAW
        7272 East Indian School Road, Suite 111
12      Scottsdale, Arizona 85251
13      jvelezesq@me.com
        *Attorneys for Plaintiff*

14

15   *s/ Jeannie Fraser*
16   *An employee of Quarles & Brady LLP*

17

18

19

20

21

22

23

24

25

26

27

28